# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2020

Lyle W. Cayce
Clerk

No. 20-50148
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Juarez, *also known as* Fernando Perez-Juarez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-429-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Fernando Juarez pleaded guilty to one count of importing marijuana in violation of 21 U.S.C. §§ 952 and 960 and a second count of possessing marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Juarez was sentenced to two concurrent terms of 33 months

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50148

of imprisonment and three years of supervised release.  This sentence was within the applicable guidelines range, which was correctly calculated at 27 to 33 months.

Juarez appealed the sentence, and he argues that the imposed sentence was substantially unreasonable because it was greater than necessary to achieve the sentencing purposes set out in 18 U.S.C. § 3553(a).

A sentence within the Guidelines range is entitled to a presumption of reasonableness. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (citing *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008)).  When conducting this reasonableness analysis, the court infers that the district judge has considered all the factors for a fair sentence set forth in the Guidelines. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Juarez fails to rebut the presumption of correctness. *See id.*  The district court heard the parties' arguments and evidently agreed with the Government that a sentence of 33 months was appropriate for the purpose of deterrence, a factor listed in § 3553(a).  Juarez fails to make the requisite showing that the sentence is substantially unreasonable.  Accordingly, the judgment of the district court is AFFIRMED.